## N. E. PERKINS v. THE STATE.

No. 13935.   Delivered March 11, 1931.
State's Rehearing Denied April 15, 1931.

The opinion states the case.

*R. C. Roland* and *O. M. Lord,* both of Beaumont, for appellant.

*Hollis M. Kinard,* Co. Atty., of Orange, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for ninety-nine years.

Appellant killed W. C. White by shooting him with a pistol. Deceased, who was a peace officer, went with Leonard Carr to the home of appellant. Appellant was in bed, but invited the parties to enter his

room.  Carr left for the purpose of buying some cigarettes.  Deceased remained in appellant's room.  Upon returning to appellant's home, Carr was advised by appellant that he (appellant) had killed deceased.  It was found that deceased had been shot several times.  It was the State's theory that appellant had sent Carr away for cigarettes in order that he might kill deceased.  Appellant testified, in substance, that deceased drew a pistol in an attempt to kill him, without provocation on his (appellant's) part, and that he shot deceased because he believed his life was in danger.  He testified further that he had given deceased a drink of whisky; that deceased ask him for more whisky; that he told deceased that he did not have any more; that deceased cursed him, struck him, and told him to get out of bed as he was going to kill him; that deceased was under the influence of liquor.

The court instructed the jury that homicide committed under the influence of sudden passion arising from an adequate cause was neither excused nor justified by law but might be considered by the jury in determining the punishment to be assessed.  The expression "under the immediate influence of sudden passion" was defined, as was the term "adequate cause".  Following these definitions the court instructed the jury as follows: "And in order to warrant you in assessing the punishment for murder at a period of five years or less, it is necessary not only that adequate cause existed to produce the state of mind referred to, that is, of anger, rage, sudden resentment or terror sufficient to render the mind incapable of cool reflection, but also that such state of mind actually existed at the time of the commission of the offense, and that it was produced by adequate cause."

In applying the law to the facts, the court charged the jury as follows: "Now bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendant, N. E. Perkins, * * * did voluntarily and with malice aforethought shoot and thereby kill W. C. White as charged in the indictment, and that such shooting was not in defense of himself against an unlawful attack from deceased, real or apparent, reasonably producing a rational fear or expectation of death or serious bodily injury, as viewed from his standpoint alone, and you further find from the evidence beyond a reasonable doubt that said killing, if any, was committed with malice aforethought, or was committed under circumstances coming within the definition of adequate cause, as these terms have been herein defined to you, then you will find the defendant, N. E. Perkins, guilty as charged in the indictment, and assess his punishment at death, or confinement in the penitentiary for any term of years not less than two years.  But, unless you believe from the evidence beyond a reasonable doubt that the said N. E. Perkins acted with his malice aforethought, you cannot assess the punishment of the defendant at a longer period than five years."

A written objection sufficient to direct the court's attention to the vice in the charge was timely presented. Construed in connection with the instruction first quoted herein, we deem the charge to be misleading and contradictory. Appellant was tried under the present murder statute. The minimum penalty is two years. Chapter 274, Acts 1927, 40th Legislature (Vernon's Ann. P. C., Art. 1256-1257b). It is provided in the statute that unless the jury believe from all the facts and circumstances in evidence that the defendant was prompted and acted with his malice aforethought the punishment cannot be assessed at a period longer than five years. Disclaiming any intention to hold that it was proper for the court to define "adequate cause" and the expression "under the immediate influence of sudden passion", it is observed that the charge defining said terms is tantamount to an instruction that if appellant acted under the immediate influence of sudden passion produced by an adequate cause malice aforethought would not be present. Having thus instructed the jury, the court, in applying the law to the facts, charged the jury that if the offense was committed under circumstances coming within the definition of adequate cause the penalty assessed would be death or confinement in the penitentiary for any term of years not less than two. The instruction was manifestly erroneous in that it authorized a penalty in excess of five years for murder without malice. It was contradictory of that part of the court's charge wherein the jury were instructed that unless they believed from the evidence beyond a reasonable doubt that appellant acted upon malice aforethought the penalty assessed could not exceed five years. Appellant was entitled to a clear, succinct and unambiguous charge, and one which in no respect contradicted other portions of the charge. Henry v. State (Texas Crim. App.), 54 S. W., 592, and authorities cited. It is observed that the penalty assessed was ninety-nine years. The opinion is expressed that the error demands a reversal of the judgment.

Attention is called to the fact that after defining adequate cause, the court instructed the jury that the punishment could not be assessed at five years or less unless the jury believed that there was an absence of malice aforethought at the time appellant fired the fatal shot. This instruction was manifestly erroneous. The minimum penalty for murder with or without malice is two years. We do not predicate a reversal on this error.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

418

MORROW, Presiding Judge.—In the motion for rehearing it is claimed that an inspection of the original charge of the court will disclose that the word "not" was written between the words "or was committed under circumstances, etc." in the part of the charge quoted in the original opinion. In the motion it is also claimed that said word "not" appears to have been erased, leaving the verbiage of the charge as quoted in the opinion.

It is suggested that the court request that the original charge be sent here for inspection. The idea advanced is that if this court should, on inspection of the original charge, decide that the erasure was made after the charge was read to the jury, the particular fault in the charge criticized in the original opinion would be eliminated. Before passing on the appeal a certified copy of the charge was obtained on the possibility of a mistake in copying it in the transcript. The certified copy verified the correctness of the transcript. When the alleged erasure was made is a question of fact which this court has no means of solving. It would therefore be useless to have the original charge. We will add, however, that in the charge other errors appear, as indicated in the original opinion, which errors would preclude an affirmance of the judgment.

The motion for rehearing is overruled.

*Overruled.*